**STATE FARM FIRE & CASUALTY CO.**

v.

**David GRIFFIN, Ronald Griffin, Gloria Griffin, Leonard Burkhardt, Jimmy Lee Bissell, Andrew Gimblet, Christopher Roman, Ian Schneider and Michael Shea.**

**No. 94–CV–3618.**

United States District Court, E.D. Pennsylvania.

Nov. 7, 1995.

Joseph W. Fullem, Lisa G. Miller, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for plaintiff.

Steven Laynas, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is Plaintiff State Farm Fire & Casualty Company's Motion for Summary Judgment. Plaintiff's claim is for a declaratory judgment that it has no obligation to indemnify or defend its insured, Defendant David Griffin, who is being sued

in an underlying state action by Defendants Leonard Burkhardt and Jimmy Lee Bissell.[1] David Griffin is the son of Ronald and Gloria Griffin, also Defendants, who are also Plaintiff's insureds. The State Action alleges that David Griffin, together with Defendants Andrew Gimblet, Christopher Roman, Ian Schneider and Michael Shea, assaulted and battered Burkhardt and Bissell in the course of a group fight between rival gangs. The State Action also alleges that Ronald and Gloria Griffin negligently supervised David Griffin.

Today, Plaintiff seeks a summary declaratory judgment that it has no obligation to indemnify David Griffin for any damages or other legal obligations which he may incur as a result of the institution of the State Action, that it has no obligation to continue defending David Griffin in the State Action and that if any party in the State Action obtains a judgment against David Griffin, requiring the payment of damages, expenses, costs or fees, Plaintiff has no obligation to pay any such amounts pursuant to the Griffins' Homeowner's Policy No. 78–C1–1285–C9.

■ In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

No Defendant has responded to this Motion and so we only have Plaintiff's evidence before us. We will construe this evidence in the light most favorable to the non-moving party and determine whether there is a genuine issue of material fact.

According to the copy of the Homeowner's Policy provided to this Court, it provides coverage for an insured's Personal Liability "for damages because of bodily injury or property damages to which this coverage applies, caused by an occurrence." An occurrence is defined as "an accident, including exposure to conditions, which results in: (A) bodily injury; or (B) property damage." The Personal Liability coverage is denied, however, for "bodily injury or property damage: (1) which is either expected or intended by an insured; or (2) to any person or property which is the result of willful and malicious acts of an insured."

Plaintiff presents evidence demonstrating that David Griffin intended to assault and batter Burkhardt and Bissell, and therefore, any personal liability was not caused by an occurrence, an accident, and also that it was intentionally caused. For these two reasons, Plaintiff argues, the Homeowner's Policy is not implicated. Plaintiff makes this assertion regardless of the allegation in the State Action complaint that the injuries were inflicted as a result of the "negligent, reckless and/or intentional assault and battery" by David Griffin.

Plaintiff's most important evidence is a recorded statement David Griffin agreed to give it. In that statement, he stated that he and his friends decided to "go after" the rival gang in which Burkhardt and Bissell were members as retaliation for the rival gang's harassment of them. He stated that he was not under the influence of alcohol or drugs at

---

1. That action is *Burkhardt, et al. v. Griffin, et al.*, No. 3373, Court of Common Pleas (Phil Cty. 1992) (hereinafter, State Action).

the time he and his friends decided to instigate this group fight. David Griffin stated that he brought a tennis racket with him to the fight with the intent of using it as a weapon. He also stated that he threw the first punch and then repeatedly hit either Burkhardt or Bissell in the face with his tennis racket.

■ According to Plaintiff, David Griffin's statement leaves no doubt that Burkhardt and Bissell's bodily injuries arose as the result of David Griffin's deliberate, intentional actions. For this reason, Plaintiff asserts that there was no occurrence, which is an accident, and also that the intentional nature of the acts takes them out of the Homeowner's Policy's coverage.

We agree. There is no evidence in the record indicating that Burkhardt and Bissell's injuries arose as the result of unintended conduct or were otherwise the result of an accident. We find that the facts here are similar to those in *Nationwide Mutual Insurance Co. v. Yaeger*, No. 93–3024, 1994 WL 447405, 1994 U.S.Dist. Lexis 11767 (E.D.Pa. Aug. 17, 1994). There, our Court granted summary judgment in the insurance company's favor, ruling that the insured acted with intent when he beat the victim, even if blows to the victim's eye were accidental because he was aiming at the victim's arm or torso. For this reason, we ruled that the actions were not negligent and therefore did not fall under the insurance contract at issue.

Likewise, even construing all the evidence in his favor, we find that David Griffin's actions were not negligent, but were intentional. For this reason, any personal liability is excluded from coverage under the Homeowner's Policy, and summary judgment is warranted.

### ORDER

AND NOW, this 6th day of November, 1995, upon consideration of Plaintiff State Farm Fire & Casualty Company's Motion for Summary Judgment, the Motion is hereby GRANTED. It is hereby FURTHER ORDERED that:

1) Declaratory Judgment is hereby ENTERED in favor of Plaintiff State Farm Fire & Casualty Company and against Defendants.

2) Plaintiff State Farm Fire & Casualty Company has no obligation to indemnify David Griffin for any damages or other legal obligations which he may incur as a result of the institution of the matter known as *Burkhardt, et al. v. Griffin, et al.,* filed in the Philadelphia Court of Common Pleas as of May Term, 1992, No, 3373.

3) Plaintiff State Farm Fire & Casualty Company has no obligation to continue defending David Griffin in the above mentioned action and that if any party in that action obtains a judgment against David Griffin, requiring the payment of damages, expenses, costs or fees, Plaintiff has no obligation to pay any such amounts pursuant to Homeowner's Policy No. 78–C1–1285–C9.