STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,

v.

Karl R. DALRYMPLE, Patrice M. Thompson, and Robert M. Brandau, Defendants.

No. CIV.A. 00–6035.

United States District Court, E.D. Pennsylvania.

June 5, 2001.

Conrad J. J. Radcliffe, Eric R. Brown, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Plaintiff.

Gary Neil Asteak, Easton, PA, Robert E. Sletvold, Philip D. Lauer, P.C., Easton, PA, for Defendants.

### MEMORANDUM

BUCKWALTER, District Judge.

This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq.* Presently before the Court is plaintiff State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment and defendants Karl R. Dalrymple's ("Dalrymple") and Patrice M. Thompson's ("Thompson") Response thereto. For the

reasons set forth below, Plaintiff's motion will be granted.

### I. FACTUAL BACKGROUND

On November 12, 1999, Dalrymple and Thompson filed a complaint in the Northampton County Court of Common Pleas (the "First Complaint") against Robert M. Brandau ("Brandau"), who has a homeowner's insurance policy with State Farm. In the First Complaint, Dalrymple and Thompson asserted claims of assault and battery and intentional infliction of emotional distress. These claims were based on an alleged incident that unfolded at Brandau's home on March 3, 1999. According to the First Complaint and the Second Complaint, Thompson was in Brandau's home when Brandau began assaulting his girlfriend. Thompson attempted to leave Brandau's home when Brandau turned on her and began assaulting her too. He grabbed her by the throat and the finger, causing the finger to break. Thompson did escape and returned with Dalrymple. After their arrival, Brandau shot Dalrymple and Thompson with a .357 revolver. Thompson suffered one gunshot wound to her left foot and Dalrymple suffered four wounds, two to his right leg, one to his right hand and one to his left elbow. The First Complaint characterized Brandau's acts as violent, brutal, and unprovoked.

After Dalrymple and Thompson filed their First Complaint, State Farm filed a Complaint for Declaratory Judgment in this Court seeking a judicial determination that it owed no duty to defend Brandau against Dalrymple's and Thompson's claims. Dalrymple and Thompson then filed a new complaint (the "Second Complaint") in the Northampton County Court of Common Pleas with the intention of

superseding the First Complaint.[1] The Second Complaint alleged a similar set of operative facts as those set forth in the First Complaint, but it included two counts of negligence in addition to the counts of assault and battery and intentional infliction of emotional distress. Now before the Court is State Farm's Motion for Summary Judgment with respect to its Complaint for Declaratory Judgment.

## II. STANDARD OF REVIEW

A motion for summary judgment shall be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

If the moving party establishes the absence of the genuine issue of material fact, the burden shifts to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When considering a motion for summary judgment, a court must view all inferences in a light most favorable to the nonmoving party. *See Diebold*, 369 U.S. at 655, 82 S.Ct. 993. The nonmoving party, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir.1982). To the contrary, a mere scintilla of evidence in support of the nonmoving party's position will not suffice; there must be evidence on which a jury could reasonably find for the nonmovant. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505. Therefore, it is plain that "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In such a situation, "[t]he moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c)).

## III. DISCUSSION

As a preliminary matter, the Court accepts State Farm's uncontested assertion that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[2] The Court also agrees with the parties that Pennsylvania law applies.

---

1. It is unclear to the Court whether the supersession has been effectuated. State Farm argues summary judgment is appropriate when considering both the First Complaint and the Second Complaint and the Court considers both complaints in this Memorandum and the Order which follows.

2. State Farm is a corporation in the state of Illinois with its principle place of business located in Illinois, and Dalrymple, Thompson and Brandau are citizens and residents of Pennsylvania. Furthermore, the amount in controversy is stated by State Farm and confirmed by Brandau to be greater than $75,000. *See* State Farm Exhibit C at 1.

This case presents the issue of whether State Farm must defend and indemnify Brandau with respect to the claims brought against him by Dalrymple and Thompson. In Pennsylvania, an insurer has a duty to defend whenever the allegations in a complaint against the insured, taken as true, set forth a claim which potentially falls within the coverage of the policy. *Visiting Nurse Ass'n of Greater Philadelphia v. St. Paul Fire & Marine Ins. Co.*, 65 F.3d 1097, 1100 (3d Cir.1995); *Kiewit Eastern Co. Inc. v. L & R Constr. Co., Inc.*, 44 F.3d 1194, 1205 (3d Cir.1995). Thus, the allegations set forth in an underlying complaint dictate whether an insurer is obligated to defend an action against an insured. *See Allstate Ins. Co. v. Fischer*, No. 97–4806, 1998 WL 205693, *1, U.S. Dist. LEXIS 5834, *5 (E.D.Pa. 1998); *see also United Services Automobile Ass'n v. Elitzky*, 358 Pa.Super. 362, 517 A.2d 982, 985 (1985). The Court decides, after discerning the facts in the underlying complaint, whether the policy would provide coverage. *D'Auria v. Zurich Insurance Co.*, 352 Pa.Super. 231, 507 A.2d 857, 859 (1986). If the Court finds coverage is not implicated and there is no duty to defend, "it may also rule that there is no duty to indemnify, and grant summary judgment in [the insurer's] favor." *Fischer* at *6 (citing *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1216 (3d Cir.1989)).

Generally speaking, the Court finds that the facts as pled in both the First Complaint and the Second Complaint regarding Brandau's behavior that led to Dalrymple's and Thompson's injuries ring of intentional conduct. This finding has great significance in this case for two reasons: first, Brandau's policy with State Farm denies coverage for intentional acts such as those pled in the underlying complaints, and second, the Court does not believe Dalrymple and Thompson successfully invoke coverage under Brandau's policy by merely adding a negligence claim to the Second Complaint.

Brandau's policy with State Farm denies coverage for intentional acts such as those pled in the underlying complaints in three different ways. First, in the part of the policy titled Section II, Coverage L—Personal Liability, Brandau's homeowner's policy indirectly excludes acts such as those taken by Brandau by indicating only accidental incidents are covered. The State Farm policy states that an insured will be defended and indemnified for claims of bodily injury caused by an "occurrence," which, in the Definition section of the policy under number 7, is defined as an "accident." *See* State Farm's Exhibit D at 15 and 2. The plain meaning of the word "accident" cannot be read to include incidents such as those pled in the underlying complaints. Brandau's behavior, as alleged by Dalrymple and Thompson, is far from an accident. Rather, grabbing someone by the throat and finger, breaking the finger, and shooting two people multiple times is the behavior of one who acts with specific intention to injure other people. *See*, e.g., *Fischer* at *9 (finding the grabbing of one's neck intentional).

Second, in Section II—Exclusions (1)(a)(1), the policy more directly precludes Brandau from being covered for Dalrymple's and Thompson's claims. It reads, "Coverage L . . . [does] not apply to bodily injury or property damage which is either expected or intended by the insured." *See* State Farm's Exhibit D at 16. As stated *supra*, the Court finds that the facts as pled in both the First Complaint and the Second Complaint regarding Brandau's behavior that led to Dalrymple's and Thompson's injuries ring of intentional conduct. Thus, this part of the policy is invoked and coverage is properly denied.

Third, and finally, Section II—Exclusions (1)(a)(2) also directly denies coverage for Brandau's acts. It reads, "Coverage L ... [does] not apply to bodily injury or property damage which is the result of willful and malicious acts of the insured." *See* State Farm's Exhibit D at 16. The Court believes that an unprovoked shooting that results in two people being shot multiple times, as well as the grabbing of another's neck and finger resulting in a broken finger, as is the case here according to Dalrymple and Thompson, is willful and malicious by nature. Again, this part of the policy is invoked and coverage is properly denied. On their face, all three sections of the policy addressed here appear to deny coverage on their own, and, when reading them in concert, the Court is overwhelmingly convinced they operate to deny Brandau coverage.

■ The Court also does not believe Dalrymple and Thompson successfully invoke coverage under Brandau's policy by merely adding the negligence claim to the Second Complaint. "If the factual allegations of the complaint sound in intentional tort, arbitrary use of the word 'negligence' will not trigger an insurer's duty to defend." *Agora Syndicate, Inc. v. Levin*, 977 F.Supp. 713, 715–16 (E.D.Pa.1997) (applying Pennsylvania law) (citing *Kraus v. Allstate Ins. Co.*, 379 F.2d 443, 444 (3d Cir. 1967); *Fed. Ins. Co. v. Potamkin*, 961 F.Supp. 109, 111–12 (E.D.Pa.1997); *State Farm Fire & Cas. Co. v. Griffin*, 903 F.Supp. 876, 878 (E.D.Pa.1995)). Here, as described *supra*, Dalrymple and Thompson did not make any negligence claim in the First Complaint but added negligence claims to the Second Complaint after this action was filed. Those added claims, however, offer no new facts which may implicate accidental behavior. Rather, Dalrymple and Thompson have merely alleged the same facts and simply labeled them with the word "negligence." The actions attributed to Brandau continue, even with the new label, to sound convincingly in intentional conduct. Even if every allegation of the Second Complaint were proven, the Court has no doubt that Brandau acted intentionally rather than negligently. Therefore, Brandau's actions as set forth in the First Complaint and the Second Complaint are not covered by the insurance policy and State Farm is not obligated to defend or indemnify him in the underlying action.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment will be granted.